UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INVENSENSE, INC. SECURITIES LITIGATION. | Case No. 15-cv-00084-JD<br><br>**ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL, AND SETTING CASE SCHEDULE** |

The Court issues these orders in this securities class action.

## I. CONSOLIDATION

The cases *McMillan v. InvenSense* (15-cv-84), *Plumbers & Steamfitters Local 21 Pension Fund v. InvenSense* (15-cv-249) and *Davis v. InvenSense* (15-cv-425) are consolidated for all purposes including trial pursuant to Federal Rule of Civil Procedure 42(a).

The cases are consolidated into the lowest-numbered case, 15-cv-84, which will be re-captioned *In re InvenSense, Inc. Securities Litigation*. The other two cases will be closed.

## II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

Putative class members filed seven competing motions seeking appointment as lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), 17 U.S.C. § 78u-4(a)(3)(B)(i). Dkt. Nos. 15, 19, 22, 27, 32, 34 and 36. The movants then filed a stipulation, Dkt. No. 54, that resolved those motions in favor of recommending the Vossen Group (i.e., Gregory Vossen, Ed Farley and Albert DiRienzo) as the "most adequate plaintiff" under the PSLRA, and the Court appoints the Vossen Group as lead plaintiff for the consolidated securities class action.

Pursuant to the Vossen Group's request, and as further stipulated to by the movants, the Court appoints the law firm of Robbins Geller Rudman & Dowd to represent the class as lead

counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court sees no reason to disagree with the lead plaintiff's proposal.

Consequently, the Vossen Group's motion for appointment as lead plaintiff and approval of selection of counsel, Dkt. No. 36, is granted, and the other motions, Dkt. Nos. 15, 19, 22, 27, 32, and 34 are denied, without prejudice to renewal in the event the Vossen Group should ever become unwilling or unable to serve as lead plaintiff.

### III. CASE SCHEDULE

Lead plaintiff is ordered to file a consolidated amended complaint 30 days from the date of this order.  Defendants are to respond to the complaint within 30 days thereafter.  If defendants file a motion to dismiss, plaintiff's response is due in 30 days, and any reply is due in 21 days.  These dates are firm and will not be continued.  A hearing is to be noticed no earlier than 21 days after the close of briefing.

The consolidated complaint will be the operative complaint and supersede all other complaints filed in the underlying actions that were consolidated into this case.  Defendants need not respond to those prior complaints.

Pursuant to the PSLRA and the Federal Rules of Civil Procedure, and for the sake of clarity and efficient case management, plaintiff is directed to set out in chart form its securities fraud allegations under the following headings on a numbered, statement-by-statement basis: (1) the speaker(s), date(s), and medium; (2) the false and misleading statements; (3) the reasons why the statements were false and misleading when made; and (4) the facts giving rise to a strong inference of scienter.  An exemplar can be found at Docket Number 111 in *In re Mellanox Technologies, Ltd. Securities Litigation*, Case No. 13-cv-4909.  The chart may be attached to or contained in the consolidated complaint, but in any event will be deemed to be a part of the complaint.

**IT IS SO ORDERED.**

Dated: April 23, 2015

_____
JAMES DONATO
United States District Judge