**Pages 1 - 9**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

IN RE INVENSENSE, INC.,            )
SECURITIES LITIGATION,             )
                                   )    NO. C 15-00084 JD
                                   )

San Francisco, California
Wednesday, June 29, 2016

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        ROBBINS, GELLER, RUDMAN & DOWD LLP
        655 West Broadway - Suite 900
        San Diego, California  92101
  **BY: IVY T. NGO**
      **SHAWN WILLIAMS**
      **ATTORNEYS AT LAW**

For Defendants:
        PILLSBURY, WINTHROP, SHAW, PITTMAN LLP
        2550 Hanover Street
        Palo Alto, CA 94304
  **BY: DAVID M. FURBUSH**
      **JAMES M. LINDFELT**
      **ATTORNEYS AT LAW**

Reported By:    Rhonda L. Aquilina, CSR #9956, RMR, CRR
                    Official Court Reporter

```
 1   Wednesday - June 29, 2016                         10:13 a.m.
 2                        P R O C E E D I N G S
 3                             ---oOo---
 4        THE CLERK:  Calling civil 15-84, In re Invensense,
 5   Inc. Securities Litigation.
 6        Counsel.
 7        MR. FURBUSH:  Good morning, Your Honor.  David Furbush
 8   for the defendants, and with me is James Lindfelt.
 9        MR. LINDFELT:  Good morning, Your Honor.
10        MS. NGO:  Ivy Ngo from Robbins, Geller, Rudman & Dowd.
11   And with me is Shawn Williams, also for plaintiffs.
12        MR. WILLIAMS:  Good morning, Your Honor.
13        THE COURT:  Okay.  Ms. Ngo, are you going to do the
14   argument?
15        MS. NGO:  Excuse me?
16        THE COURT:  Are you doing the argument?
17        MS. NGO:  Yes, I am.
18        THE COURT:  All right.  So when we last visited, you
19   were close, couldn't quite get it over the line, as I was
20   concerned about sources.
21        Now, tell me about those sources that you've added, what
22   is it, paragraph 48, 49?
23        MS. NGO:  For the inventory statements, these are
24   listed in paragraphs 48, 49 and 50.
25        THE COURT:  Okay.  And just tell me what they are.
```

1         **MS. NGO:**  So the sources include analyst reports as
2    well as an industry report, SEC filings, and a former officer
3    that we spoke to who corroborated the documentary sources that
4    we provided.
5         **THE COURT:**  And who is the former officer?  Is the
6    person identified?
7         **MS. NGO:**  The person in the complaint is identified as
8    a former officer.
9         **THE COURT:**  But not by name; right?
10        **MS. NGO:**  Not by name.
11        **THE COURT:**  Okay.  And is there any more detail about
12   the position that person has?
13        **MS. NGO:**  No, Your Honor.  Plaintiffs had given the
14   word to not identify the witness, and --
15        **THE COURT:**  The day will come, but you just didn't do
16   it in the complaint.
17        **MS. NGO:**  Yes.  The former officer --
18        **THE COURT:**  What about -- that person was there during
19   that July to August time frame; is that right?
20        **MS. NGO:**  Your Honor, the company is so small that
21   providing even that amount of detail is tantamount to providing
22   his or her name.
23        **THE COURT:**  Is that person still with the company?
24        **MS. NGO:**  Oh, it is a former officer.
25        **THE COURT:**  Former.  Okay.  All right.  You know that

1  in discovery you're going to have to identify this person.
2          **MS. NGO:**  Potentially if the discovery requests are
3  such that it will require us to.
4          **THE COURT:**  I can virtually guarantee you that they're
5  going to say who is this person, all right.
6          **MS. NGO:**  Yes.  When that time comes.
7          **THE COURT:**  That probably might be the first request
8  they do.
9      All right.  So Mr. Furbush, as you can tell from my
10 comments, I think they've passed the mark.  Now, just tell me
11 why you -- what's wrong with that?  They have a ton of sources.
12 I don't know why they didn't do it earlier, they should have,
13 they didn't.  It's all right.  I'll give them a chance to
14 amend.  But this is all that I needed, so what's the problem
15 with that?
16         **MR. FURBUSH:**  Your Honor, this is just spaghetti being
17 thrown against the wall.  First of all, this former officer --
18 they give no information about what this person said.  They
19 just say he corroborated our allegations, okay, that's it.
20 They don't attribute any specific information to this person.
21     This incredibly precise allegation about the number of
22 chips that were built, the cost of the chips, and so on, has no
23 support anywhere in these documents.  It's simply a
24 fabrication.  There's no source for the claim that there were
25 20 million chips that were made, that they were made for Apple,

1  that they were not saleable to Apple, that they were not sold
2  to Apple, that they were not saleable to other users.
3      And they cite a bunch of analyst reports that are lengthy,
4  long documents, but nowhere in those reports is any such
5  information to be found.
6      **THE COURT:**  Okay.  But we're at the 12(b)(6) stage,
7  okay.  I mean, you-all may have a blunderbuss full of
8  dispositive facts, but I'm just at the stage of pleadings.  The
9  only issue now is, is this plausible within the constraints of
10 the PSLRA.
11     **MR. FURBUSH:**  Your Honor --
12     **THE COURT:**  I said last time it was very close.  These
13 are serious allegations, but they didn't quite hit the mark on
14 saying how do you know this.  And all they're required to
15 have -- they don't have to have a smoking gun, they don't have
16 to have a confession, they don't have to have an inside
17 squealer, you know all that, they just have to have some
18 source.  They've now added these sources.  They should have
19 done it the first time, they didn't, but it's here now, so...
20     **MR. FURBUSH:**  They're pretend sources, Your Honor.
21     **THE COURT:**  Yeah, but that's for you to tell me later
22 when you show me why this article isn't true.  I'm not going to
23 do that on a 12(b)(6).  That's not what I do at the motion to
24 dismiss stage.
25     **MR. FURBUSH:**  You said I have to show you what article

```
 1   is not true.
 2           THE COURT:  No.  I said why isn't this enough?  And
 3   you're telling me it's not enough because the facts are wrong.
 4   Well, that may be, but that's not the order of today's
 5   discussion.
 6           MR. FURBUSH:  So, Your Honor, this is a 12(b)(6)
 7   motion, but it's a 12(b)(6) motion discovered by the PSLRA, and
 8   the PSLRA requires that they state all facts on which their
 9   allegation is based, and they have -- they failed to do that.
10        And as we said, if there really were a source for this
11   highly detailed allegation that there were 20 million chips
12   that were built, that they cost 44 cents each, that they were
13   built for Apple, that Apple never bought them, they were
14   unsaleable to anyone else, if there were a source for that,
15   they would have cited it, and they did not.
16           THE COURT:  But you cited it and said approximately
17   .44 cents per chip, CEG, Ashok Kumar, Romain Fraux to Ashok
18   Kumar, in quotes, and then Romain Fraux article.
19           MR. FURBUSH:  Yeah, and they don't --
20           THE COURT:  You may think they're wrong, I get it,
21   counsel, but that doesn't mean at this point they lose the
22   12(b)(6) battle.  It means you fight for another day.
23           MR. FURBUSH:  Those reports do not say that, Your
24   Honor.
25           THE COURT:  Well, that may be, but that's for you to
```

1  litigate later.  This is not a fact inquiry, this is a pleading
2  inquiry.
3         **MR. FURBUSH:**  Your Honor --
4         **THE COURT:**  And the adequacy that I was concerned
5  about was put some anchors on your statements.  They have now
6  put anchors.
7      Look, they may be totally wrong, and you may blow them out
8  of the water on an early summary judgment.  That's for you to
9  decide.
10        **MR. FURBUSH:**  Your Honor, we presented the articles to
11 the Court, and the Court can read the reports and can discern
12 that they do not support the allegation in the complaint.
13     And just, you know, citing --
14        **THE COURT:**  I'm not going to do that at this stage.
15 I'm not going to pour through, as you describe it, these
16 lengthy detailed documents.  All they have to do is say, *Judge,*
17 *here's what these documents say*.  Now, they're going to live or
18 die by that.  You're saying they're going to die, they're
19 saying they're going to live.  It's a classic 12(b)(6), you're
20 going to have to do that later.  But I'm almost certainly going
21 to deny the motion to dismiss.
22     Now, where are you -- have you all started -- what's the
23 next stage?  You're going to launch your discovery and get
24 going -- right? -- because PSLRA has that stay in place.
25        **MS. NGO:**  Yes.  Since the PSLRA has the stay, we have

1   not yet, but we can immediately start putting together document
2   requests.
3          **THE COURT:**  Have you put together a case management
4   statement yet?
5          **MR. FURBUSH:**  No.
6          **MS. NGO:**  No.
7          **THE COURT:**  Okay.  Why don't you do that, get yourself
8   put on -- why don't you come back -- you're both local; right?
9   Both San Francisco?
10         **MR. FURBUSH:**  Yes.
11         **MS. NGO:**  I'm in San Diego, but Shawn is in San
12  Francisco.
13         **THE COURT:**  Mr. Williams is here.
14         **MR. WILLIAMS:**  I'm in San Francisco, Your Honor.
15         **THE COURT:**  All right.  Why don't you come back in
16  about a month.  Work something out, okay.  I'll have an order
17  out, you know, as soon as I can.  I have a lot of things I have
18  to get out first, okay.  But you can bank at this point on the
19  motion being denied.  So just start thinking about a case
20  management statement.
21         **MR. FURBUSH:**  If I could make one last effort, Your
22  Honor.
23      I understand you said you don't want to go through a
24  hundred-page document, but if you look at our reply brief, we
25  have provided a pretty good roadmap for where to look --

```
 1           THE COURT:  I have looked at your reply brief, and I
 2   look at all the briefs, counsel.  I look at them very
 3   carefully, all right.  You've lost on the 12(b)(6) issue.
 4       All right.  Thank you.
 5           ALL COUNSEL:  Thank you.
 6               (Proceedings adjourned at 10:20 a.m.)
 7                        ---oOo---
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Tuesday, July 5, 2016

_____

Rhonda L. Aquilina, CSR No. 9956, RMR, CRR
Court Reporter