PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON SBN 76342
bruce.ericson@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
JAMES M. LINDFELT SBN 275352
james.lindfelt@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Defendants INVENSENSE, INC.,
BEHROOZ ABDI and ALAN KROCK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re INVENSENSE, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 3:15-cv-0084-JD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF RECENT DECISION**<br><br>Hon. James Donato<br>Courtroom 11, 19th Floor |

1   On January 26, 2017, Plaintiffs filed a Statement of Recent Decision (ECF No. 97) drawing the Court's attention to *Zaghian v. Farrell*, No. 15-55335, 2017 U.S. App. LEXIS 604 (9th Cir. Jan. 12, 2017), a disposition that states it "is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3."  2017 U.S. App. LEXIS 604, at *1, n. *.  *Zaghian* involved a "boilerplate" PSLRA safe-harbor cautionary statement.  *Id.* at *3-*4.  The disposition, in rejecting that cautionary language, contrasted it with cautionary language that the Ninth Circuit had approved in *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1056 (9th Cir. 2014), and *In re Cutera*, 610 F.3d 1103, 1111 (9th Cir. 2010).  *Zaghian*, 2017 U.S. App. LEXIS 604, at *3.

This Court, in its March 28, 2016 order dismissing "with prejudice" Plaintiffs' claims relating to Defendants' "gross-margin-related statements" (ECF No. 78, at 13:12-13), held that InvenSense's cautionary language "encompasses and significantly expands on the kind of language our Circuit has already found to be adequate" in *Police Retirement System* and *Cutera*.  ECF No. 78, at 12:11-24.  Thus, if the unpublished disposition in *Zaghian* stands for anything, it underscores the correctness of this Court's decision dismissing Plaintiffs' gross margin-related allegations without leave to amend – a decision that Plaintiffs attempt to skirt in their First Amended Complaint (ECF No. 79) by relabeling those allegations as allegations about "average selling price" (ASP) rather than allegations about "gross margin."  *Compare* Consol. Compl. (ECF No. 62) ¶¶ 16, 19, 44, 45 and 56 *with* First Amended Complaint (ECF No. 79) ¶¶ 16, 19, 44, 45 and 56.

Dated:  January 31, 2017

PILLSBURY WINTHROP SHAW PITTMAN LLP

By   /s/ Bruce A. Ericson
    Bruce A. Ericson
    Attorneys for Defendants
    INVENSENSE, INC., BEHROOZ ABDI
    and ALAN KROCK